SALSBURY, COMMONWEALTH vs., 101 Mass. App. Ct. 102

 
 COMMONWEALTH vs. ARTHUR E. SALSBURY, JR. (No. 1).

101 Mass. App. Ct. 102
 February 11, 2022 - May 31, 2022

Court Below: Superior Court, Hampshire County
Present: Wolohojian, Henry, & Englander, JJ.

 

Corrected October 28, 2022

Practice, Criminal, Jury and jurors, Challenge to jurors, Voir dire.

At a criminal trial, the judge did not abuse his discretion in rejecting the for-cause challenges for partiality or bias of four jurors who during attorney-conducted voir dire had expressed their agreement with the propositions that false accusations of sexual assault are "rare or infrequent" and that someone who comes forward indicating a sexual assault occurred "very likely" is "telling the truth," where, although further questioning would have been preferable, the questions at issue were abstract and posed in terms of probabilities and not absolutes, and having those opinions or beliefs did not in itself demonstrate bias in judging the facts of a particular case. [105-108]

INDICTMENTS found and returned in the Superior Court Department on May 15, 2018.

 The cases were tried before Richard J. Carey, J.

Alan D. Campbell for the defendant.

Thomas H. Townsend, Assistant District Attorney, for the

Commonwealth.

 ENGLANDER, J. This case raises issues regarding the handling of attorney-conducted juror voir dire in a sexual assault case. The defendant was convicted by a jury in January of 2020 of two counts of rape; the convictions were based upon a sexual assault that had occurred in 2009. During the attorney-conducted voir dire, counsel asked the prospective jurors two questions relevant to this appeal: (1) did they "agree[] with the proposition that although false accusations of sexual assault happen, it's rare or infrequent," and (2) did they "believe that if somebody comes forward and . . . puts themselves through the process of indicating a sexual assault occurred," that it is "very likely" they are "telling the truth." Several members of the venire indicated their agreement with both propositions; over defense counsel's objection, four such members of the venire were seated on the jury.

 Page 103 

 The defendant contends on appeal that his convictions must be vacated because by agreeing with both propositions, each of the four jurors demonstrated a bias that was inconsistent with considering and deciding the defendant's case fairly and impartially. For the reasons discussed below, we disagree. The questions at issue were abstract, and posed in terms of probabilities, not absolutes. Our cases recognize that "[e]very prospective juror comes with his or her own thoughts, feelings, opinions, beliefs, and experiences that may, or may not, affect how he or she 'looks' at a case." Commonwealth v. Williams, 481 Mass. 443, 450-451 (2019). Having the opinions or beliefs at issue here does not in itself demonstrate bias as to judging the facts of a particular case. In this case, the judge's determination that the jurors' answers during voir dire did not demonstrate a partiality or bias was within his discretion. We accordingly affirm.

 Background. In October 2009, the victim was offered a ride by a man whom she did not know, which she accepted. The victim fell asleep in the car and woke up when it stopped in the woods. The man raped her repeatedly at knifepoint, before shoving her out of the vehicle. The victim fled to a nearby home and immediately reported what had occurred. Many years later, the defendant was identified as the victim's assailant, when his deoxyribonucleic (DNA) matched the DNA of semen found on the victim.

 In January of 2020, jury empanelment began for the defendant's trial for two counts of aggravated rape and one count of assault by means of a dangerous weapon. Fourteen jurors were to be chosen, and the Commonwealth and the defendant each were allotted fourteen peremptory challenges. See Mass. R. Crim. P. 20 (c), 378 Mass. 889 (1979). Seven jurors were seated on the first day of selection, after the Commonwealth used seven preemptory challenges, and the defendant used six.

 The matters at issue arose on the second day of jury selection. At the beginning of that day (with a new venire), the judge briefly described the allegations against the defendant, reminded the potential jurors that the defendant was innocent until proven guilty, and instructed them regarding the government's burden of proof. Prior to commencing the voir dire, the judge framed "[t]he question" as "whether notwithstanding [the] seriousness of the charges, you can fulfill your responsibility of being a fair and impartial juror to decide the case based solely upon the evidence presented in this courtroom and the Court's instructions on the law." The judge then spoke to each potential juror individually

 Page 104 

 and asked several questions, including: (1) whether the potential juror or any member of his or her family had "been accused of, a witness to, or a victim of" sexual assault; and (2) whether "anything about the nature of the charges" would make the potential juror "unable to sit as a fair and impartial juror." Each of the four jurors at issue answered "no" to these questions.

 Following the judge's questioning, the attorneys conducted a further voir dire, asking questions to the venire as a whole. The Commonwealth's first question was "how common do you think it is for someone to falsely accuse another of a sexual assault?" Several jurors indicated that they thought false accusations of sexual assault were rare -- juror no. 7 (a juror at issue here) agreed that false accusations occurred "very, very, very rarely" and juror no. 29 (another juror at issue here) indicated that false accusations were "not particularly common but I'm sure it happens."

 The defendant then followed up on the Commonwealth's questioning and asked the potential jurors to raise their cards if they "agree[d] with the proposition that although false accusations of sexual assault happen, it's rare or infrequent." After reviewing the raised cards, the defendant then asked, "[I]f somebody comes forward and, quote, puts themselves through the process of indicating a sexual assault occurred, who believes that they must be telling the truth?" Juror no. 17 indicated that he agreed with that proposition, while other unidentified jurors indicated that such a witness would be "very likely" to be telling the truth. Defense counsel then asked the potential jurors whether they agreed that "it's very likely." Jurors responded nonverbally by raising their cards in response to this question.

 The defendant moved to strike for cause the thirteen potential jurors who indicated that they believed both (1) that false accusations were rare, and (2) that if a witness comes forward with a sexual assault allegation, the witness is very likely telling the truth. As an alternative to striking the jurors immediately, the defendant requested additional voir dire. The Commonwealth agreed that further inquiry was appropriate.

 The judge denied the defendant's motion, and stated that "jurors are not disqualified by virtue of having opinions such as the ones that have been expressed." The judge excused juror no. 17, however, because juror no. 17 had expressed that "a person . . . must be telling the truth as opposed to qualifying it." The defendant noted his objection to the remaining twelve potential 

 Page 105 

jurors subject to his motion, and then used his remaining peremptory challenges to strike seven of the twelve potential jurors to whom he had objected. [Note 1]

 Ultimately, four of the fourteen jurors empanelled for the defendant's trial had been the subject of the defendant's motion to strike for cause. After trial, the jury found the defendant guilty of two counts of the lesser included charge of rape, and not guilty of assault by means of a dangerous weapon. This appeal followed.

 Discussion. Both the Federal and Massachusetts Constitutions require that each juror be "impartial as to the persons involved and unprejudiced and uncommitted as to the defendant['s] guilt or past misconduct" (citation omitted). Williams, 481 Mass. at 447. The Supreme Judicial Court in Williams described the process and standard for determining juror bias as follows:

"[I]f it appears that a juror might not stand indifferent, the judge must hold an individual voir dire, the scope of which is within the judge's sound discretion. See Commonwealth v. Flebotte, 417 Mass. 348, 355 (1994). Concluding whether a prospective juror stands indifferent also is within the judge's discretion. Commonwealth v. Ruell, 459 Mass. 126, 136, cert. denied, 565 U.S. 841 (2011). However, this discretion is not unfettered; the judge's conclusion must be supported by a voir dire that sufficiently uncovers whether the prospective juror can fairly evaluate the evidence and follow the law."

Id. [Note 2]

 On appeal, we review the judge's decision to reject a for-cause challenge for abuse of discretion. See Ruell, 459 Mass. at 136.

 Page 106 

 The judge's discretion in this area is "entitled to great deference," because it is the trial judge who observed and spoke with the prospective juror. Williams, 481 Mass. at 462 (Gants, C.J., concurring). Indeed, "[t]here are few aspects of a jury trial where we would be less inclined to disturb a trial judge's exercise of discretion, absent clear abuse, than in ruling on challenges for cause in the empanelling of a jury" (citation omitted). Commonwealth v. Lattimore, 396 Mass. 446, 449 (1985).

 With these principles in mind, we turn to the voir dire record of the four jurors at issue. The defendant urges that by agreeing to the two propositions at issue, each juror revealed a bias that rendered them incapable of impartiality in a sexual assault case. We do not agree. The questions themselves were not tied to any facts that corresponded to the defendant's case; rather, they were abstract questions of probabilities. The jurors were asked whether they thought false accusations were "rare," and whether a victim who comes forward was "very likely" telling the truth. By answering in the affirmative, that they believed false accusations were "rare," the jurors did not indicate how they would decide a case before them, and they plainly did not rule out a conclusion that particular allegations, once heard, were not true. The same is the case with the notion that a victim's truthfulness was "very likely"; it is an opinion of probability, based upon life experience; it is not a viewpoint on concrete facts. [Note 3]

 The cases the defendant relies upon do not require a different result. In Commonwealth v. Long, 419 Mass. 798, 803-804 (1995), a juror expressed doubt about his own impartiality because

 Page 107 

 the defendant was Cambodian, and the juror would not unequivocally state that he could consider the case impartially. In Commonwealth v. Somers, 44 Mass. App. Ct. 920, 921 (1998), a juror said that he did not know whether he could be impartial due, in part, to his views on gun control. Here, all four jurors stated unequivocally that they could be impartial. Finally, in Commonwealth v. Clark, 446 Mass. 620, 628-629 (2006), a juror stated that she believed African-Americans were more likely to commit crimes, but explained further that "it would depend on the person's circumstances," and said that she could be impartial. The juror was not excused for cause. See id. at 629. The Clark court's conclusion that the verdicts must be set aside because the record was not sufficient to determine the juror's impartiality was specifically tied to the juror's expression of racial stereotyping. See id. at 630. The questioning here did not involve such characteristics of a witness or defendant.

 We are bolstered in our view by the recognition, in the case law, that all jurors come to the court room with opinions based upon life experience. Indeed, they are expected to do so: "It would neither be possible nor desirable to select a jury whose members did not bring their life experiences to the court room and to the jury deliberation room." Williams, 481 Mass. at 451. A system of picking jurors must allow for such a variance in views, and not unnecessarily label such abstract views as disqualifying "bias." Rather, the question in every case is whether the juror can impartially view the evidence and find the facts in accordance with the judge's instructions. See Commonwealth v. Bryant, 447 Mass. 494, 501 (2006) Such impartiality is of course achievable despite abstract views about the likelihood, divorced from context, that a person alleging sexual assault is telling the truth.

 In choosing jurors we accordingly leave it largely to the judge, who has questioned the jurors and seen them firsthand, to evaluate the impartiality of particular jurors. See Commonwealth v. Colon, 482 Mass. 162, 168 (2019). Here, the defendant argues, as a fallback position, that the judge failed to ask enough questions to be able to reach his conclusion. In particular, the defendant contends that the judge should have further questioned the twelve jurors challenged for cause.

 We are not persuaded that the judge committed reversible error here. As indicated, the judge questioned each of the four jurors individually, and he did so after emphasizing that the charges were allegations only, and that the defendant was presumed innocent

 Page 108 

 until proven guilty by the Commonwealth. The judge thus had already probed whether the jurors' views of sexual assault allegations affected their ability to be impartial, and he was satisfied as to their impartiality. He also viewed the jurors when they answered the questions put to them by the lawyers. It bears repeating that the answers the defendant challenges, on their face, indicate an open mind as to what the jurors might conclude in any particular case. Moreover, the opinions are far from extraordinary or unusual; for example, the Supreme Judicial Court itself has recognized studies showing that false accusations of sexual assault are rare. See Commonwealth v. King, 445 Mass. 217, 239 n.20 (2005), cert. denied, 546 U.S. 1216 (2006), citing United States Department of Justice, First Response to Victims of Crime 2001, at 10 (2001).

 The judge of course could have -- and it would have been preferable -- followed up with the jurors challenged for cause, advised them (again) that the testimony of every witness must be examined without bias, and asked each of them whether in light of their views they could decide the case impartially, in accordance with the judge's instructions. However, as this court stated in Commonwealth v. Nelson, 91 Mass. App. Ct. 645, 650 (2017), "although further questioning would have been preferable, we conclude that the judge did not abuse [his] 'large degree of discretion[]' . . . in finding that [the jurors] could be fair and impartial." In short, the judge did not abuse his discretion in concluding that the jurors were indifferent, and the jurors' answers to the attorney-directed voir dire questions do not require reversal of the jury's ultimate verdicts.

Judgments affirmed.

FOOTNOTES
[Note 1] The defendant used his last peremptory challenge to strike a juror who was not subject to his motion to strike for cause. 

[Note 2] The Williams court also quoted G. L. c. 234A, § 67A, which permits the court or the parties to examine potential jurors to determine whether they are "sensible of any bias or prejudice." 481 Mass. at 447. That statute states in pertinent part: 

"To determine whether a juror stands indifferent in the case, if it appears that . . . the juror may not stand indifferent, the court shall, or the parties or their attorneys may, with the permission and under the direction of the court, examine the juror specifically with respect to such considerations, attitudes, exposure, opinions or any other matters which may cause a decision to be made in whole or in part upon issues extraneous to the issues in the case."

G. L. c. 234A, § 67A.

[Note 3] We note, in addition, that the questions themselves incorrectly implied that they could be, and perhaps should be, answered "yes" or "no." Yet, either a "yes" or "no" answer could have been challenged as showing a bias. For example, the jurors at issue agreed that false sexual assault allegations were "rare," and they have been challenged as biased by the defendant. Had these jurors answered that they believed false allegations were not rare, they could have been similarly challenged as having a bias against the victim's testimony. A potential juror could only avoid this issue by qualifying his or her answer, which the juror may well not have felt comfortable doing under the circumstances. 

 The propriety of the questions has not been raised before us. The process for attorney-conducted voir dire is addressed by statute and by court rule. See, e.g., G. L. c. 234A, § 67D; Rule 6(3) of the Rules of the Superior Court (2017). The trial judge has discretion to manage the process and the content of attorney voir dire, including by requiring attorneys to disclose proposed questions to the judge in advance. See Commonwealth v. Dabney, 478 Mass. 839, 848, cert. denied, 139 S. Ct. 127 (2018).

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.